UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

THERESE M. NOREN, individually and as a representative of all persons similarly situated,

Plaintiffs,

v.

HORACE MANN INSURANCE COMPANY,

Defendant.

CIVIL NO. 00-322 (RHK/JMM)

PRETRIAL SCHEDULING ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Pleadings

| | |
|---|---|
| May 5, 2000 - | All motions which seek to amend the pleadings or add parties must be served and filed. |
| August 1, 2000 - | All motions of any kind relating to class action allegations, including motions to determine whether the action shall be maintained as a class action, and all supporting materials shall be served and filed by this date. See Rule 23(c)(1) of the Federal Rules of Civil Procedure and Local Rule 7. Plaintiffs shall obtain a hearing date from the Calendar Clerk of the District Court. |
| August 25, 2000 - | Defendant's Response to any class action motion shall be served and filed. |
| September 1, 2000 - | Plaintiffs' Reply shall be served and filed. |

Filed APR 20 2000
Francis E. Dosal, Clerk
Judgment Entered ___________
Deputy Clerk's Initials ___________

Discovery/Nondispositive Motions

December 1, 2000 - All non-expert discovery shall be commenced in time to be completed by this date.

January 1, 2001 - All Rule 35 medical examinations shall be completed.

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

| | |
|---|---|
| December 1, 2000 - | By Plaintiffs |
| January 1, 2001 - | By Defendant |

February 1, 2001 - All discovery of any kind shall be commenced in time to be completed by this date.

February 5, 2001 - All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed. Nondispositive motions may be scheduled for hearing by calling Katherine Haagenson, Calendar Clerk to Magistrate Judge John M. Mason, (651) 848-1190. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1 and 37.2. A Reply Memorandum not exceeding five pages may be delivered to opposing counsel and the chambers of this Court no later than 9:00 a.m. on the business day preceding the hearing.

Dispositive Motions/Trial

April 1, 2001 - All dispositive motions shall be served and filed by the parties. Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Calendar Clerk Deborah Siebrecht, (651) 848-1166. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1. See particularly Local Rule 7.1(b)(2)(A) through (E).

This case shall be ready for Jury trial at the conclusion of discovery or upon resolution of any dispositive motion, and no later than June 1, 2001.

General

No more than 7 depositions shall be taken by any party.

No more than 35 Interrogatories, 35 Document Requests and 35 Requests for Admissions (including all subparts) shall be served by any party.

Each party may depose no more than 3 experts.

Each party may call no more than 3 experts at trial.

Dated: April 19, 2000

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

This action was commenced by the filing of the Notice of Removal from Dakota County District Court, with a copy of the Complaint on February 10, 2000. The Court has not adopted the recommendation of the parties that it defer pending a motion to remand. Their proposed procedure overlooks the requirements of Rule 23(c)(1), which requires that "as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." We agree with the authors of a learned treatise, who concluded:

> "[T]he court has an independent obligation to decide whether an action brought on a class basis is to be so maintained even if neither of the parties moves for a ruling under subdivision (c)(1). If the court were obliged to wait for a motion before making its determination, the parties would then control the timing for deciding the issue, and this could lead to abuses. For example, allowing the parties to delay the decision is unsatisfactory because of the obligation to give notice of the institution of the litigation to members of the class in an action under Rule 23(b)(3), and because the court generally should order notice given to class members in actions under Rule 23(b)(1) and Rule 23(b)(2). The longer the certification is postponed, the less the value of the notice to allow the absent class members to intervene or express their concerns to the court."

7B Wright-Miller-Kane, Federal Practice and Procedure, (1986) § 1785, pp.89-92.

J.M.M.